IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MILLENNIUM TGA, INC., | ) | Case No. 11-2258 SC |
| | ) | |
| Plaintiff, | ) | ORDER DENYING REQUEST FOR |
| | ) | LEAVE TO TAKE EARLY |
| v. | ) | <u>DISCOVERY</u> |
| | ) | |
| DOES 1-21, | ) | |
| | ) | |
| Defendants. | ) | |

**I.   INTRODUCTION**

On May 6, 2011, Plaintiff Millennium TGA, Inc. ("Plaintiff") filed a Complaint against twenty-one unnamed defendants ("Doe Defendants"), alleging copyright infringement and common law civil conspiracy. ECF No. 1 ("Compl."). In an Ex Parte Application, Plaintiff seeks leave to take third-party discovery prior to the required Rule 26 conference in order to identify the Doe Defendants. ECF No. 6 ("Application"). For the following reasons, the Court DENIES Plaintiff's Motion.

**II.   BACKGROUND**

Plaintiff produces and distributes adult entertainment. Compl. ¶ 6. Specifically, Plaintiff alleges that it owns the copyright to an adult video, "Ladyboy-Ladyboy-Kae" ("the Work"). Id. ¶ 7. Plaintiff claims that this Work "is the subject of a

copyright registration application and the application is currently pending in the United States Copyright Office." Id. ¶ 20.

BitTorrent is, in Plaintiff's words, a popular Internet protocol "allowing for 'peer-to-peer' data exchanging." Id. ¶ 8. It is a decentralized file-sharing system allowing a large number of users (in Internet parlance, a "swarm") to distribute a data file by exchanging pieces of the file with each other, so that each user eventually obtains a whole copy of the file. Id. ¶¶ 11-13.

Plaintiff alleges that its Work "has been uploaded to virtually every one of the major BitTorrent piracy websites worldwide and has been the subject of large-scale piracy." Id. ¶ 7. Plaintiff claims that Doe Defendants are individual BitTorrent users who unlawfully reproduced and distributed the Work through BitTorrent. Id. ¶ 8. Plaintiff claims that through monitoring Internet-based infringement of its copyrighted content, its "agents" observed unlawful reproduction by users operating at certain internet protocol ("IP") addresses. Id. Attached to its Complaint is a list of twenty-one IP addresses, the date and time of each alleged infringement, and the Internet service provider ("ISP") associated with each IP address. Id. Ex. A ("IP Log"). Plaintiff claims that due to BitTorrent's decentralized nature, it can only identify the names and addresses of individuals associated with these IP addresses by subpoenaing the ISPs associated with these IP addresses. Id. Plaintiff seeks leave to serve Federal Rule of Civil Procedure 45 third-party subpoenas on eight ISPs -- Dataframe Logistics, Covad Communications, Cox Communications, Verizon Online, Charter Communication, Road Runner HoldCo, Comcast Cable Communications, and AT&T Internet Services -- to compel them

to provide the name, address, telephone number, e-mail address, and media access control address of each Doe Defendant. See Application at 12; IP Log. Plaintiff alleges that this information will allow it to identify and serve the Doe Defendants, and also states that it "will allow Plaintiff to identify additional Defendants not listed in the Exhibit A, as infringement monitoring is ongoing." Compl. ¶ 8.

### III. LEGAL STANDARD

Generally, a party may not initiate discovery before the parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f). However, a court may authorize earlier discovery "for the convenience of parties and witnesses and in the interests of justice." Fed. R. Civ. P. 26(d). The requesting party must demonstrate good cause for earlier discovery. See Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002).

According to the Ninth Circuit:

> [W]here the identity of alleged defendants will not be known prior to the filing of a complaint[,] . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.

Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). For leave to conduct discovery to identify a Doe defendant, the moving party must: (1) identify the defendant with enough specificity to allow the Court to determine whether the defendant is a real person or entity who could be sued in federal court; (2) recount the steps taken to locate the defendant; (3) show that its action could

survive a motion to dismiss; and (4) file a request for discovery with the Court identifying the persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information. Columbia Ins. Co. v. seescandy.com, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

**IV.   DISCUSSION**

Plaintiff has the burden of showing, inter alia, that its action could survive a motion to dismiss. See Columbia Ins. Co., 185 F.R.D. at 578-80. Therefore, Plaintiff must prove that the facts alleged -- if assumed to be true -- could "plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

This requirement poses obvious problems for Plaintiff's second cause of action -- common law civil conspiracy. In California, a civil conspiracy cause of action "is merely a mechanism for imposing vicarious liability; is not itself a substantive basis for liability." Berg & Berg Enter., LLC v. Sherwood Partners, Inc., 131 Cal. App. 4th 802, 823 (Ct. App. 2005). Federal copyright law has its own doctrine of vicarious liability. See Perfect 10, Inc. v. Visa Int'l Serv. Ass'n, 494 F.3d 788, 795 (9th Cir. 2007) (providing standard for vicarious infringement in the copyright context). While the Ninth Circuit has not addressed the subject, other district courts have held that state law civil conspiracy claims based on copyright infringement are preempted. E.g., RDF Media Ltd. v. Fox Broad. Co., 372 F. Supp. 2d 556, 565-66 (C.D. Cal. 2005) (conspiracy claim dismissed on a Rule 12(b) motion);

4

Idema v. Dreamworks, Inc., 162 F. Supp. 2d 1129, 1193-94 (C.D. Cal. 2001) (same). Because Plaintiff has not established that its conspiracy claim could survive a motion to dismiss, this cause of action does not support its request for early discovery.

Plaintiff's copyright claim also fails to support this Application. Plaintiff brings this action against twenty-one defendants; joinder of these defendants is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2). Thus, the Doe Defendants' individual and separate alleged reproductions of Plaintiff's Work -- which occurred over the span of twenty days -- do not satisfy this requirement. Plaintiff must allege a plausible theory that the Doe Defendants are jointly or severally liable (or liable in the alternative) for each respective reproduction and distribution.

Plaintiff fails to make the required showing. Plaintiff suggests that by participating in BitTorrent's decentralized system -- in which each user potentially distributes pieces of a file to other users -- Doe Defendants are vicariously liable. But this is a novel legal theory, and Plaintiff cites no legal support for it in its Application. Nor does Plaintiff allege the facts necessary to support such a theory -- such that each user was part of the same "swarm" sharing the Work.

For these reasons, the Court finds that Plaintiff has failed to establish that either its civil conspiracy claim or its copyright claim could survive a motion to dismiss, and thus neither claim supports Plaintiff's application for leave to conduct early

third-party discovery. In ruling, the Court joins many other courts that have denied similar requests. E.g., IO Group, Inc. v. Does 1-435, No. 10-4382, 2011 WL 1219290, at *2 (N.D. Cal. Jan. 10, 2011); Laface Records, LLC v. Does 1-38, 2008 WL 54992, at *2 (E.D.N.C. Feb. 27, 2008); Interscope Records v. Does 1-25, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004); BMG Music v. Does, No. 06-01579, 2006 U.S. Dist. LEXIS 53237 (N.D. Cal. July 31, 2006).

Because ex parte motions only provide one side of every story, courts must examine them with particular rigor. Plaintiff's Application fails this examination. Plaintiff tellingly claims that were the Court to grant Plaintiff's Application, it would "allow Plaintiff to identify additional Defendants." Compl. ¶ 8 (emphasis added). Plaintiff comes to court with a list of twenty-one date-stamped IP addresses and asks for an order to subpoena eight ISPs with the hope of broadening its case. This Court does not issue fishing licenses; Plaintiff's Application is DENIED.

**V.    CONCLUSION**

For the foregoing reasons, Plaintiff Millennium TGA, Inc.'s Application to take early third-party discovery is DENIED.

IT IS SO ORDERED.

Dated: May 12, 2011

UNITED STATES DISTRICT JUDGE