IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MILLENNIUM TGA, INC., | ) | Case No. 11-2258 SC |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING REQUEST FOR |
| | ) | LEAVE TO TAKE EARLY |
| v. | ) | DISCOVERY |
| | ) | |
| DOES 1-21, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

I.  **INTRODUCTION**

On May 6, 2011, Plaintiff Millennium TGA, Inc. ("Plaintiff") filed a Complaint against twenty-one unnamed defendants ("Doe Defendants" or "Does 1-21"), alleging copyright infringement and common law civil conspiracy. ECF No. 1 ("Compl."). On May 12, 2011, the Court denied Plaintiff's ex parte application to take early third-party discovery in order to identify the Doe Defendants. ECF No. 8 ("May 12, 2011 Order"). The Court found that Plaintiff's common law civil conspiracy action did not support its request for early discovery, because Plaintiff had not established it could survive a motion to dismiss. Id. at 5. The Court found that Plaintiff's copyright claim also did not support its request, because Plaintiff had failed to allege a viable claim against the twenty-one Doe Defendants which would render their joinder in this action proper. Id.

Plaintiff has since filed a First Amended Complaint ("FAC") and a second ex parte application to take early discovery. ECF Nos. 9 ("FAC"), 10 ("Second Application"). For the following reasons, the Court GRANTS Plaintiff's Second Application.

## II.  BACKGROUND

Plaintiff produces and distributes adult entertainment. FAC ¶ 6. Specifically, Plaintiff alleges that it owns the copyright to an adult video, "Ladyboy-Ladyboy-Kae" ("the Work"). Id. ¶ 7. Plaintiff claims that this Work "is the subject of a copyright registration application and the application is currently pending in the United States Copyright Office." Id. ¶ 20.

BitTorrent is, in Plaintiff's words, a popular Internet protocol "allowing for 'peer-to-peer' data exchanging." Id. ¶ 8. It is a decentralized file-sharing system allowing a large number of users (in Internet parlance, a "swarm") to distribute a data file by exchanging pieces of the file with each other, so that each user eventually obtains a whole copy of the file. Id. ¶¶ 11-13.

Plaintiff alleges that its Work "has been uploaded to virtually every one of the major BitTorrent piracy websites worldwide and has been the subject of large-scale piracy." Id. ¶ 7. Plaintiff claims that Doe Defendants are twenty-one individual BitTorrent users who unlawfully reproduced and distributed the Work through BitTorrent. Id. ¶ 8. Plaintiff alleges "on information and belief" that "each Defendant was part of the same swarm sharing the same work." Id. ¶ 23. Plaintiff also submits the declaration of Peter Hansmeier ("Hansmeier"), who claims to be a technician at

Media Copyright Group, LLC ("MCG"), an Internet piracy monitoring company enlisted by Plaintiff to monitor peer-to-peer distribution of its copyrighted works. Second Application Ex. A. Hansmeier declares that he used MCG's proprietary forensic software to identify a swarm that was sharing Plaintiff's work, observe Defendants' infringing activity, and obtain Internet Protocol ("IP") addresses for each of the twenty-one Doe Defendants. Id. ¶ 15. Attached to its FAC is a list of twenty-one IP addresses, the date and time of each alleged infringement, and the Internet Service Provider ("ISP") associated with each IP address. Ex. A ("IP Log").

Plaintiff claims that due to BitTorrent's decentralized nature, it can only identify the names and addresses of individuals associated with these IP addresses by subpoenaing the ISPs associated with these IP addresses. Id. Plaintiff seeks leave to serve Federal Rule of Civil Procedure 45 third-party subpoenas on eight ISPs -- Dataframe Logistics, Covad Communications, Cox Communications, Verizon Online, Charter Communication, Road Runner HoldCo, Comcast Cable Communications, and AT&T Internet Services -- to compel them to provide the name, address, telephone number, e-mail address, and media access control address of each Doe Defendant. See Second Application; IP Log.

### III. **LEGAL STANDARD**

Generally, a party may not initiate discovery before the parties have met and conferred pursuant to Federal Rule of Civil Procedure 26(f). However, a court may authorize earlier discovery

3

"for the convenience of parties and witnesses and in the interests of justice." Fed. R. Civ. P. 26(d). The requesting party must demonstrate good cause for earlier discovery. See Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002).

According to the Ninth Circuit:

> [W]here the identity of alleged defendants will not be known prior to the filing of a complaint[,] . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.

Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). For leave to conduct discovery to identify a Doe defendant, the moving party must: (1) identify the defendant with enough specificity to allow the Court to determine whether the defendant is a real person or entity who could be sued in federal court; (2) recount the steps taken to locate the defendant; (3) show that its action could survive a motion to dismiss; and (4) file a request for discovery with the Court identifying the persons or entities on whom discovery process might be served and for which there is a reasonable likelihood that the discovery process will lead to identifying information. Columbia Ins. Co. v. seescandy.com, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999).

**IV. DISCUSSION**

The Court finds that Plaintiff has shown good cause for limited expedited discovery. Expedited discovery is appropriate because ISPs typically retain subscriber logs for only a short

period of time before destroying the information. A third-party subpoena appears to be the only way Plaintiff can identify Defendants, and Plaintiff must identify them in order to effect service of process. In its Second Application and the documents filed in support of it, Plaintiff has identified the Defendants with the required specificity, recounted the steps taken to locate Defendants, and shown that its action could survive a motion to dismiss.

The Court denied Plaintiff's first application because it found that there was no theory of liability under which the twenty-one Defendants would be joined properly in the action under Rule 20. May 12, 2010 Order at 5. Under Rule 20(a)(1), defendants are properly joined if

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

The Court wrote that "Doe Defendants' individual and separate alleged reproductions of Plaintiff's Work -- which occurred over the span of twenty days" did not satisfy Rule 20(a)(1)(A)'s "same transaction, occurrence, or series of transactions or occurrences" language, and that Plaintiff had not alleged a "plausible theory that the Doe Defendants are jointly or severally liable (or liable in the alternative) for each respective reproduction and distribution." Id.

Plaintiff cures this deficiency by alleging in the FAC that the twenty-one Defendants participated in a single "swarm" in which Plaintiff's Work was reproduced and distributed. This allegation is plausible in light of the level of detail provided by the Hansmeier declaration and the relative temporal proximity of the alleging acts. As such, each Doe Defendant is alleged to have participated in a scheme to distribute the Work by sharing pieces of the computer file comprising the Work with the other Doe Defendants.

For these reasons, Plaintiff's Request for early discovery is GRANTED.

## V. CONCLUSION

For the above reasons, the Court GRANTS Plaintiff Millennium TGA, Inc.'s Second Application for leave to take early discovery. Within thirty (30) days of this Order, Plaintiff shall serve Rule 45 subpoenas seeking the name, address, phone number, e-mail address, and Media Access Control address associated with Internet Protocol addresses identified in Exhibit A on the Internet Service Providers identified in Exhibit A to Plaintiff's First Amended Complaint. The subpoena shall include a copy of the First Amended Complaint, this Order and the Court's May 12, 2011 Order. ISPs shall have thirty (30) days from the date of service upon them to serve Does with a copy of the subpoena, the FAC, and the orders. ISPs may serve Does using any reasonable means, including written notice sent to Does' last known address, transmitted either by first-class mail or via overnight service. ISPs and each Doe shall

have thirty (30) days from the date of their service to file any motions in this court contesting the subpoena (including a motion to quash or modify the subpoena). If that thirty-day period lapses without Does or the ISPs contesting the subpoena, the ISPs shall have ten (10) days to produce to Plaintiff the information responsive to the subpoena with respect to Doe 1. The ISPs shall preserve all subpoenaed information pending the ISPs' delivering such information to Plaintiff or the final resolution of a timely filed and granted motion to quash the subpoena with respect to such information. Plaintiff may use any information disclosed in response to a subpoena solely to protect its rights under the Copyright Act, 17 U.S.C. § 101, <u>et seq</u>.

IT IS SO ORDERED.

Dated: July 22, 2011

UNITED STATES DISTRICT JUDGE